UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

MICHAEL SAVALE,
    Plaintiff,
-vs.-                                      **DEMAND FOR JURY TRIAL**

ENTERPRISE RECOVERY SYSTEMS, INC.
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, Michael Savale, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

# PARTIES

3. The Defendant to this lawsuit is Enterprise Recovery Systems, Inc. which is an Illinois company that maintains registered offices in Oakland County.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Washtenaw County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect on a consumer type debt allegedly owed by Plaintiff for tuition to Eastern Michigan University in the amount of about $600.00 ("the Debt").

7. The Debt is not for a student loan.

8. On or about April 21, 2012, Defendant, through its representative, Tom Anderson, called Plaintiff.

9. During this conversation, Plaintiff told Mr. Anderson that he does not have the $600.00 and asked for a payment plan. Mr. Anderson replied by telling Plaintiff that it was too late for that and that full payment was due immediately.

10. Also during this conversation, Mr. Anderson told Plaintiff that he would garnish Plaintiff's wages.

11. On or about April 23, 2012, Mr. Anderson called Plaintiff again.

12. During this conversation, Mr. Anderson told the Plaintiff, "Bankruptcy is not going to be any good. This debt is non-dischargeable."

13. Inasmuch as this debt is not a student loan, it is, indeed, dischargeable via bankruptcy.

14. Mr. Anderson attempted to convince the Plaintiff into making a payment. When Plaintiff refused, Mr. Anderson replied, "Well, fine. I'm going to contact your employer."

15. To date, Defendant has not garnished Plaintiff's wages.

16. To date, Plaintiff has not received anything in writing from Defendant.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates the preceding allegations by reference.

18. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

19. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

20. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

21. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

22. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

23. Plaintiff incorporates the preceding allegations by reference.

24. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

25. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

26. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

27. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

28. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

29. Plaintiff incorporates the preceding allegations by reference.

30. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

31. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

32. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

33. Plaintiff has suffered damages as a result of these violations of the MCPA.

34. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

    b.  Statutory damages.

    c.  Treble damages.

    d.  Statutory costs and attorney fees.

Respectfully submitted,

April 26, 2012
                /s/ Gary Nitzkin
                GARY D. NITZKIN  P41155
                MICHIGAN CONSUMER CREDIT LAWYERS
                Attorneys for Plaintiff
                22142 West Nine Mile Road
                Southfield, MI 48033
                (248) 353-2882
                Fax (248) 353-4840
                Email – gary@micreditlawyer.com